# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

MARCUS BENFORD                                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO.  3:10-cv-32-HTW-LRA

MADISON COUNTY BOARD OF SUPERVISORS, et al.              DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, an inmate of the Madison County Detention Center, filed a complaint

pursuant to Title 42 U.S.C. § 1983 and requested *in forma pauperis* status. On February 4,

2010, this Court entered an order [9] directing the Plaintiff to file a written response, on or

before February 25, 2010, providing specific information regarding his claims.   The Plaintiff

failed to comply with this Court's order.  The Plaintiff was warned that his failure to timely

comply with a court order or failure to keep this Court informed of his current address may

result in the dismissal of this case.

On March 30, 2010, an order [11] was entered directing the Plaintiff to show cause, on

or before April 14, 2010, why this case should not be dismissed for his failure to comply with

the Court's February 4, 2010 order.  In addition, Plaintiff was directed to comply with the

Court's order by filing a written response, on or before April 14, 2010.  The show cause

order warned Plaintiff that failure to timely comply with the requirements of the order or

failure to keep this Court informed of his current address would lead to the dismissal of his

complaint, without further notice.  Plaintiff did not comply with the Court's show cause

order.

On April 29, 2010, a second order [13] was entered directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders of February 4, 2010, and March 30, 2010. Plaintiff was directed to comply with the Court's second show cause order, on or before May 13, 2010. The Plaintiff was also warned in this second show cause order that failure to keep this Court informed of his current address or failure to comply with the requirements of the order by May 13, 2010, would result in the dismissal of his case. On May 6, 2010, the envelope [14] containing the second show cause order was returned by the postal service with the notation "return to sender - attempted not known- unable to forward." Needless to say, the Plaintiff has not complied with this order nor has he notified this Court of his current address.

Plaintiff has failed to comply with three court orders and he has not contacted this Court since January 29, 2010. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 25th day of June, 2010.

s/ HENRY T. WINGATE
CHIEF JUDGE
UNITED STATES DISTRICT COURT